THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

NANCY WEBB,                          )      Case No. 2:08CV00053 DS

         Plaintiff,          )

     vs.                            )
                           MEMORANDUM DECISION
                               AND ORDER

ATK THIOKOL INC, et al.,              )

         Defendants.         )

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Plaintiff is a former employee of Defendant ATK Thiokol Inc., since renamed ATK Launch Systems Inc. ("ATK"), who asserts claims under the Equal Pay Act ("EPA"), Title VII, and for infliction of emotional distress.  Defendants have moved for partial judgment on the pleadings  pursuant to Fed. R. Civ. P. 12(c).[1]

In response, Plaintiff concedes all issues raised in the Motion except whether her Title VII claims (Counts II, III, & IV) are barred insofar as they are based on theories of harassment or

---

[1]Because matters outside the pleadings were submitted and not excluded by the Court, notice was given that the Motion was converted to one for summary judgment.  *See* Fed. R. Civ. 12(c) & (d)

hostile work environment because she has failed to exhaust her administrative remedies.[2]

## II.   STANDARD OF REVIEW

Because matters outside the pleadings were submitted and not excluded by the Court, this matter was converted to one for summary judgment pursuant to Fed. R. Civ. P. 12(c) and (d), and appropriate notice was given to the parties.

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.  The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[3]  *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts

---

[2]Plaintiff concedes the following issues raised in Defendants' Motion: (1) her EPA claim (Count I) is time barred to the extent it seeks recovery for pay decisions prior to January 17, 2005: (2) her Title VII claims (Counts II, III & IV) are time barred to the extent she seeks recovery for ATK's failure to promote her prior to April 25, 2005: and, (3) her claim for intentional infliction of emotional distress (Count VI) can be dismissed.

[3]Whether a fact is material is determined by looking to relevant substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id</u>. If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. *Celotex*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202.

### III.  DISCUSSION

### A.  Title VII Claims based on Theories of Harassment or Hostile Work Environment

Characterizing Plaintiff's Second Amended Complaint as having "broadly pled claims for sex, religion and retaliation discrimination under Title VII", Mem. Supp. p.2, Defendants contend that "[t]o the extent that [Plaintiff's] claims are based on harassment or hostile work environment theories, they are barred because [Plaintiff] did not exhaust her administrative remedies, thus depriving the Court of jurisdiction over her claims." *Id.*

Plaintiff acknowledges that exhaustion of administrative remedies is a jurisdictional prerequisite to suit for Title VII

claims, but contends that she has exhausted her administrative remedies and, therefore, "properly pleads a claim for sex, religion, and retaliation based on theories of harassment and/or hostile work environment." Mem. Opp'n p.5.

Regarding the exhaustion of administrative remedies in Title VII cases, the Tenth Circuit instructs as follows:

> "A plaintiff must exhaust his administrative remedies before bringing suit under Title VII[.]" ... Requiring exhaustion of administrative remedies "serves to put an employer on notice of a violation prior to the commencement of judicial proceedings.  This in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation." ... A failure to file an administrative Title VII claim before bringing suit is jurisdictionally fatal. ...
> "[W]hen an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge" .... A claim is considered "reasonably related" when "the conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made." ... This more lenient pleading standard contemplates the fact that administrative charges of unlawful employment practices are regularly filled out by employees who do not have the benefit of counsel.

*Mitchell v. City and County of Denver*, 112 Fed. Appx. 662, 666-667 (10th Cir. 2004)(citations omitted).  *See also Jones v. United Parcel Serv. Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007)(a plaintiff's claims in federal court are generally limited to those that "can reasonably be expected to follow the charge of discrimination").

4

The Court agrees with Defendants that the Charge of Discrimination (the "Charge") does not include any mention of, or factual allegations reflecting that Plaintiff is alleging hostile work environment or harassment as part of her sex-based, religion-based, or retaliation-based discrimination claim. Neither are the claims of harassment and hostile work environment "reasonably related" to the allegations in the Charge. Plaintiff filed her Charge with the EEOC on February 22, 2006. *See* Compl., Ex. B. Under the section of the Charge captioned "DATES DISCRIMINATION TOOK PLACE", Plaintiff did not enter a date under "Earliest" and filled in "January 20, 2006" under "Latest". *Id*. The box in that section labeled "CONTINUING ACTION" was left blank. *Id*. Under the section captioned "DISCRIMINATION BASED ON (Check appropriate box(es)" she checked boxes indicating that discrimination was based on sex, religion, retaliation and equal pay.[4] *Id*. And under the section captioned "THE PARTICULAR ACTS ARE", Plaintiff's narrative fails to state any allegations reflecting hostile work environment or harassment. Indeed, Plaintiff concludes her narrative by stating: "I believe I have been discriminated against because of my sex, female: religion, non-Mormon; not paid the same wages while

---

[4]"The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box. ... The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim." *Jones v. United Parcel Serv.*, 502 F.3d 1176, 1186 (10th Cir. 2007)(citation omitted). Such is not the case here.

performing the same duties as males; and in retaliation for protesting practices made unlawful by Title VII and the EPA ...." *Id*.

Although the Charge does not allege facts supporting claims of harassment or hostile work environment, Plaintiff contends that those claims are within the scope of the exhausted claims because she asserted a continuing violation in a letter to the EEOC and provided supplemental information to the EEC regarding claims of harassment.[5]   Specifically she relies on the following:

1.  Her statement in the Charge that "I have repeatedly advised Management and Human Resources for the last 5 years about my supervisor, Mike Newsom [sic], discriminatory treatment toward me, nothing was done."

2. Her statement in a January 20, 2006 letter to the EEOC that the "purpose of this letter is to report a continuous violation of the subject laws."

3. Her alleged statement to an EEOC investigator that she felt "harassed" and based on what appears to be a self-generated note, that she told someone in human resources that she was "tired of being harassed".

4. And the EEOC investigator's finding that Webb had "complained to management."

Opp'n Mem. at 6-7 and Ex. 1.

_____

[5]*See Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1260 (10th Cir. 1998)(plaintiff was allowed to bring claim not included in charge of discrimination based on a "supplement" submitted to UALD); *Parker v. Albertson's, Inc.*, 325 F. Supp 2d 1239, 1251 (D. Utah 2004)("although plaintiff did not mark each box, defendant cannot ignore the allegations raised in materials submitted to the UALD")..

Plaintiff's Charge, and the supplemental materials she relies on, in the Court's view, simply do not contain sufficient factual allegations to encompass within their scope a claim of hostile work environment or harassment. The specific factual basis for Plaintiff's purported claims of harassment and hostile work environment in the Second Amended Complaint is not clear. The Court concludes, however, for purposes of exhaustion of administrative remedies, her vague references in supplemental materials to "discriminatory treatment", a "continuous violation of the subject laws", and that she felt "harassed" are insufficient to find that she sought a charge of discrimination for harassment or hostile work environment.[6]

In short, the Charge and Plaintiff's supplemental materials do not serve to put the Defendants on notice of claims for harassment and hostile work environment, nor are those claims reasonably related to the allegations of the Charge such that they would trigger or fall within the scope of any administrative

---

[6]A hostile work environment claim, for example, "must allege facts indicating a workplace 'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Mitchell v. City and County of Denver*, 112 Fed. Appx. at 668 (quoting *Davis v. United States Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998). Plaintiff's supplemental materials do not allege nor reflect severe or pervasive conduct. The factual basis for any claim of harassment is not at all clear to the Court, but the same requirement of severe or pervasive conduct would also be true for any claim of hostile work environment that may be based on allegations of harassment.

investigation that might reasonably be expected to grow out of the charges made.   Consequently, Plaintiff has failed to exhaust her administrative remedies as to any claims for harassment and hostile work environment and they must be dismissed on jurisdictional grounds.

## IV.  CONCLUSION

For the reasons stated, Defendants' Motion for Partial Judgment on the Pleadings (Doc. #28), which has been converted to one for summary judgment, is granted.

DATED this 7th day of July, 2009.

BY THE COURT:


_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT